```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| ROBERT MICHAEL COLE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 09-6584 |
| ASHLAND CHEMICAL, INC., ET AL. | SECTION: "A" (3) |

### ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 94)** filed by defendant Ashland, Inc. Plaintiffs Marvin Weeks and Beverly Neely oppose the motion. The motion, set for hearing on October 27, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

### I.   Background

This case comprises personal injury claims brought against Ashland, Inc. by Marvin Weeks and Beverly Neeley and their respective spouses and children arising out of alleged exposure to benzene and/or benzene-containing products. Plaintiffs' claims all arise out of employment at the Olin Kraft Mill No. 75. Marvin Weeks was employed there from 1962-1992; Beverly Neeley from 1962-2005. Each Plaintiff has been diagnosed with some type of blood disorder.

Ashland has filed the instant motion for summary judgment (No. 94) arguing that plaintiffs cannot establish negligence or

1

strict liability on the part of Ashland.[1]

Trial is scheduled to commence on February 22, 2011.

## II. Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing

---

[1] The Court has previously ruled on three motions for summary judgment. Aside from the instant motion Ashland also has pending a motion for summary judgment challenging whether Plaintiffs meet the diagnostic criteria for the blood disorders upon which their claims are based (Rec. Doc. 95). The Court has elected to consider the motions in numerical sequence. Therefore, no party should infer from the Court's decision to address the instant motion first that the Court has any opinion at this time as to the merits of Ashland's final motion for summary judgment (No. 95).

Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

In order to recover from a manufacturer under a theory of strict liability, the plaintiff must prove that the harm resulted from the condition of the product, that the condition made the product unreasonably dangerous to normal use, and that the condition existed at the time the product left the manufacturer's control.  Halphen v. Johns-Manville Sales Corp., 484 So. 2d 110, 113 (La. 1986).[2]  An essential element of a plaintiff's case in every strict products liability case is that the defendant's product was unreasonably dangerous to normal use.  Id.

In Louisiana, unreasonably dangerous products are classified based on the specific theory of strict liability at issue. Products can be unreasonably dangerous per se, unreasonably dangerous as to construction or composition, unreasonably dangerous if a manufacturer fails to adequately warn about a danger related to the way the product is designed, or unreasonably

---

[2] Halphen, like many older products liability cases, has been legislatively overruled by the Louisiana Products Liability Act. The exposures at issue in this case occurred prior to the enactment of the Act so the pre-Act principles espoused in Halphen apply.

3

dangerous in design.  Halphen, 484 So. 2d at 113-115.  Plaintiffs in this case urge the theories of unreasonably dangerous per se and failure to warn.[3]

When a product is unreasonably dangerous per se, liability can be imposed solely on the basis of the intrinsic characteristics of the product irrespective of the manufacturer's intent, knowledge, or conduct.  Id. at 113.  This theory of strict liability evaluates the product itself as opposed to the manufacturer's conduct.  Id. at 114.  A product is unreasonably dangerous per se if a reasonable person would conclude that the danger-in-fact of the product outweighs the utility of the product.  Id. (citing Hunt v. City Stores, Inc., 387 So. 2d 585 (La. 1980)).  This test is known as the risk-utility or danger-utility test.  Id. at n.2.

A product may be unreasonably dangerous when the manufacturer fails to adequately warn about a danger related to the way that the product is designed.  Id. at 114.  A manufacturer is required to provide an adequate warning of any danger inherent in the normal use of its product which is not within the knowledge of or

---

[3] Plaintiffs have alleged claims under virtually every theory of liability available to them under Louisiana law.  However, as Ashland points out in its reply memorandum, Plaintiffs' opposition only addresses the failure to warn claims and the unreasonably dangerous per se claim.  The theories of unreasonably dangerous as to construction or composition and unreasonably dangerous in design do not arguably apply under the facts of this chemical exposure case.  Accordingly, the Court GRANTS Ashland's motion as to the claims based on these theories of liability.

obvious to the ordinary user.  Id. (citing Winterrowd v. The Travelers Indem. Co., 462 So. 2d 639 (La. 1985); Hebert v. Brazzel, 403 So. 2d 1242 (La. 1981); Chappuis v. Sears Roebuck & Co., 358 So. 2d 840 (La. 1974)).  The duty to warn encompasses a duty to keep abreast of scientific knowledge and discoveries, a duty to test and inspect the product, and a duty to conduct research commensurate with the dangers of the product.  Id. (citing Dartez v. Fibreboard Corp., 765 F.2d 456 (5th Cir. 1985); Gideon v. Johns-Manville, 761 F.2d 1129 (5th Cir. 1985); Borel v. Fibreboard Papers Prods. Corp., 493 F.2d 1076, 1089 (5th Cir. 1973)).

As for negligence claims, under Louisiana law "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  La. Civ. Code art. 2315(A).

The motion is GRANTED as to the claim that the products at issue are unreasonably dangerous per se.  Plaintiffs have offered no evidence to suggest that the dangers associated with benzene, toluene, and xylene outweigh their utility.  Benzene and benzene products are still used today albeit with stringent safety controls.  (See Def. Exh. D, Harrison depo. at 35-37).  There is no evidence to suggest that the products cannot be used safely with proper controls in place.  Plaintiffs' alleged injuries occurred at a time when their employer routinely exposed them directly to benzene--something that would be unthinkable under today's OSHA standards.  Thus, Plaintiffs' injuries occurred not

5

because benzene's danger outweighed its utility but because of the manner in which their employer used the product.

Plaintiffs argument in rebuttal is that benzene causes blood disorders, they were exposed to benzene and now have blood disorders, and that "this condition" existed when the product left Ashland's control.  Based on this argument Plaintiffs contend that they have established issues of fact as to the unreasonably dangerous per se nature of benzene, and that summary judgment should be denied.  Plaintiffs also contend that modern day precautions that allow benzene to be used safely are irrelevant.

Plaintiffs' argument misses the mark.  A claim that a product is unreasonably dangerous per se requires evidence that its intrinsic dangers outweigh its utility.  Current use of the product, even under more stringent standards, is pertinent because the intrinsic dangers of benzene are the same today as they were when Plaintiffs were exposed.  Plaintiffs have not established an issue of fact with respect to whether benzene is unreasonably dangerous per se.

The motion is DENIED as to the failure to warn claim. Ashland's contention with respect to this claim is that it had no obligation to warn because Olin was a sophisticated user of the solvents at its facility.  Ashland points out that Olin had long known of the potential hazards associated with benzene products and that there is nothing that Ashland could have told Olin, that it did not already know, about the hazards associated with

benzene.  Ashland points out that under Louisiana law there is no duty to warn extending to the employees of a sophisticated user/purchaser.

An issue of fact exists as to whether Olin was a sophisticated user of benzene and its products.  The evidence does create an inference that Olin was not completely in the dark about the dangers of these chemicals but it is unclear whether it simply chose to ignore the known dangers or whether Ashland's warnings, if any, were simply insufficient to impress upon its customers the potential hazards of benzene products, including toluene and xylene.  Plaintiffs' own evidence helps to establish Ashland's contention that the dangers of benzene were not unknown.  (Pla. Exh. E, API Toxicol. Rev. 9/1948).  Thus, the failure to warn claims really present an issue of causation, <u>i.e.</u>, did Olin expose its workers due in part to Ashland's alleged failure to adequately warn or did it do so knowing full well the dangers of benzene exposure?  Of course, Plaintiffs contend that Ashland knew about dangers associated with benzene, toluene, and xylene yet did not disseminate this information to its customers thereby not adequately warning Olin.  The jury will make this determination.[4]

---

[4] The Court notes that Plaintiffs have made an argument in their opposition that the sophisticated user defense is a type of contributory negligence inapplicable to strict liability cases. This is a legal question that the Court will determine in conjunction with preparing instructions for the jury.  For now, it suffices to say that regardless of whether strict liability or negligence is the theory of recovery, Plaintiffs must prove causation--that the failure to warn itself caused their injury.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 94)** filed by defendant Ashland, Inc. is **GRANTED IN PART AND DENIED IN PART.** The motion is **DENIED** as to the failure to warn claims, whether premised on strict liability and negligence, and is **GRANTED** in all other respects.

December 10, 2010

```
                    JAY C. ZAINEY
             UNITED STATES DISTRICT JUDGE
```

---

The Court is persuaded that the evidence presented is not sufficient to render judgment as a matter of law on the failure to warn claims.