UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT MICHAEL COLE, Individually, DEBORAH K. COLE, Individually, JAMES CARL COLE, Individually, MICHELLE COLE SMITH, Individually, MARVIN CARROLL WEEKS, Individually, DORIS I. WEEKS, Individually, TIMOTHY L. WEEKS, Individually, BEVERLY LYNN NEELEY, Individually, MADELINE NEELEY, Individually, CAROL NEELEY AILSHIE, Individually, and DWAYNE NEELEY, Individually | * * * * * * * * * * * | CIVIL ACTION NO.: 09-6584<br><br>JUDGE: JAY C. ZAINEY<br><br>MAG. JUDGE: DANIEL E. KNOWLES, III |
| Plaintiffs | * * | |
| versus | * * | |
| ASHLAND INC. | * * * | |
| Defendant | * | |

## ASHLAND INC.'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' PUTATIVE CERTIFIED INDUSTRIAL HYGIENIST JOHN SPENCER

**MAY IT PLEASE THE COURT:**

Ashland Inc ("Ashland") submits this Supplemental Opposition to Plaintiffs' Motion to Exclude Testimony of Defendants' Putative Certified Industrial Hygienist John Spencer and would show the following:

## I.   Introduction

In Plaintiffs' Motion to Exclude Testimony of Defendants' Putative Certified Industrial Hygienist John Spencer ("Motion to Exclude John Spencer"), Plaintiffs make several contentions regarding Ashland's expert industrial hygienist, John Spencer. Ashland previously addressed the flaws and misrepresentations in Plaintiffs' Motion to Exclude John Spencer. However, two recent events are relevant to the Court's determination of Plaintiffs' Motion to Exclude John Spencer.

## II.   Another Court Recently Denied the Same Motion to Exclude John Spencer in Another Benzene Exposure Case Filed by Plaintiffs' Counsel.

Plaintiffs' counsel, Eric Williams, also represents the plaintiffs in *Tammy Wallace, et al. v. Chevron U.S.A. f/n/a Texaco, Inc.*, United States District Court for the Eastern District of Louisiana, No. 09-4202, which is before Judge Lance M. Africk. The defendant in *Wallace* also employed John Spencer to testify as an expert witness in industrial hygiene. Plaintiffs' counsel filed a motion in limine to exclude Mr. Spencer's testimony in the *Wallace* matter, and it appears that Plaintiffs' counsel used the same arguments against Mr. Spencer's testimony in *Wallace* that he did in this case. Judge Lance M. Africk denied the *Wallace* motion in limine to exclude John Spencer. *See* Order in *Tammy Wallace, et al. v. Chevron U.S.A. f/n/a Texaco, Inc.*, United States District Court for the Eastern District of Louisiana, No. 09-4202, December 28, 2010, attached hereto as Exhibit A.

First, in *Wallace* plaintiffs' counsel argued that Mr. Spencer was not qualified to testify because he only " 'has an under graduate [sic] degree in biological sciences and does not have a Masters or PhD.' " *See Id.* In *Wallace* plaintiffs' counsel further argued that Mr. Spencer had " 'never qualified as an expert in biology, chemistry, or chemical engineering,' " which they asserted was grounds for him to be excluded. *See Id.* These contentions are practically word for

word the same as are found in Plaintiffs' Motion to Exclude John Spencer in this case. *See* R. Doc. 54-2 at 9. Judge Africk rejected these contentions, finding that "[I]ndustrial hygiene experts such as Spencer are regularly permitted to testify in personal injury cases involving occupational exposure to benzene." Order in *Tammy Wallace, et al. v. Chevron U.S.A. f/n/a Texaco, Inc.*, United States District Court for the Eastern District of Louisiana, No. 09-4202, December 28, 2010, attached hereto as Exhibit A.

Second, in the *Wallace* motion in limine plaintiffs' counsel argued that Mr. Spencer utilized " 'no methodology in this case' " and also did not make an "independent calculation of benzene exposure." *See Id.* Again, this objection is in Plaintiffs' Motion to Exclude John Spencer in this case, word for word. R. Doc. 54-2 at 4. Judge Africk also rejected this contention and held that John Spencer "arguably employed a sufficiently reliable methodology . . . ." Order in *Tammy Wallace, et al. v. Chevron U.S.A. f/n/a Texaco, Inc.*, United States District Court for the Eastern District of Louisiana, No. 09-4202, December 28, 2010, attached hereto as Exhibit A.

Third, in *Wallace*, plaintiffs' counsel asserts that John Spencer "improperly rejects the use of dermal modeling by Dr. Nicas, one of plaintiffs' experts." *See Id.* In *Wallace*, it also appears that plaintiffs' counsel generally contended that the methodology and testing by Mr. Spencer is not sufficiently reliable to allow Mr. Spencer to testify, which is exactly the same contention plaintiffs' counsel makes here. *See Id.* and R. Doc. 54-2 at 8-11. However, Judge Africk rejected this contention in *Wallace*. Order in *Tammy Wallace, et al. v. Chevron U.S.A. f/n/a Texaco, Inc.*, United States District Court for the Eastern District of Louisiana, No. 09-4202, December 28, 2010, attached hereto as Exhibit A. Judge Africk found that the "reports and guidelines" Spencer used "provide[d] Spencer with a sufficiently reliable basis for rejecting

dermal modeling." *Id.*

Finally, the denial of the *Wallace* motion in limine also refutes plaintiffs' counsel's implication that Mr. Spencer has been excluded for using "flawed" methodology. *See* R. Doc. 54-2 at 10. Clearly, Judge Africk did not find John Spencer's methodology to be flawed.

As the *Wallace* Order makes clear, plaintiffs' counsel uses the same form motion in limine to object to John Spencer in multiple cases without truly evaluating Mr. Spencer's testimony for each case. As the *Wallace* Order also makes clear, the contentions in Plaintiffs' Motion to Exclude John Spencer in this case are dubious and without any support. Accordingly, Plaintiffs' Motion to Exclude John Spencer should be denied, and John Spencer should testify.

### III.  John Spencer Recently Published a Peer-Reviewed Article Wherein His Dermal Absorption Methodology Is Analyzed.

Plaintiffs' Motion to Exclude John Spencer insists that John Spencer's "opinions are not generally accepted." R. Doc. 54-2 at 11. Ashland previously responded to Plaintiffs' contentions regarding Mr. Spencer, but in further support of the reliability of Mr. Spencer's testimony, Ashland points the Court to an article recently published by Mr. Spencer, which is relevant to the issues in this case. *See* "Dermal absorption of benzene in occupational settings: Estimating flux and applications for risk assessment," *Critical Reviews in Toxicology*, 2011; 41(2): 111-142, attached hereto as Exhibit B.

In this recently peer-reviewed and published article, John Spencer and several colleagues "determine the dermal flux of benzene in neat form, in organic solvents, and in aqueous solutions based on a critical review and analysis of the published literature." Id. The article goes on to "discuss appropriate applications for using benzene dermal absorption data in occupational risk assessment." *Id.* Mr. Spencer's study used several methods of analysis, but as an example of one method he used, Mr. Spencer and his colleagues "synthesize[d] and analyze[d] data for 77

experimental results taken from 16 studies of benzene skin absorption." *Id.*

Mr. Spencer's recent article establishes that his opinions are generally accepted. Not only did several other colleagues participate in the study and drafting of the article, but an article such as this is peer-reviewed prior to acceptance for publication. Plaintiffs have no real basis for their assertion that Mr. Spencer's opinions are not generally accepted other than the fact that Plaintiffs simply disagree with Mr. Spencer's findings. Therefore, Plaintiffs' Motion to Exclude John Spencer should be denied, and John Spencer should be allowed to testify in this case.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ John J. Hainkel, III*
**JOHN J. HAINKEL, III – 18246**
**PETER R. TAFARO – 28776**
**REBECCA A. ZOTTI – 33446**
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3700
Telephone: (504) 599-8000;
Facsimile: (504) 599-8100
E-Mail: jhainkel@frilot.com

**Counsel for Ashland Inc.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of February, 2011, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing upon all CM/ECF registrants.

*/s/ John J. Hainkel, III*